OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 20 2005

JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| GEORGE KNIGHT, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:05-CV-00378 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WALLENS RIDGE STATE PRISON, | ) | By: Hon. Glen E. Conrad |
|     Defendant. | ) | United States District Judge |

Plaintiff George Knight, a Virginia inmate located at the Wallens Ridge State Prison (WRSP) and proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Knight alleges that on June 11, 2005, Knight was denied a shower and later beaten in his cell by correctional officers (C/O). Knight alleges that a C/O threatened him with starvation on June 6, 2005 and that Knight was denied dinner on June 6, 2005 and breakfast on June 7, 2005. Knight alleges that C/Os abuse their power by refusing Knight showers, recreation, and cleaning supplies, and by spitting chewing tobacco onto meal trays. Knight seeks declaratory relief in the form of firing two of the C/Os.

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all available administrative remedies prior to filing a civil rights claim in federal court. The court must dismiss any unexhausted claims without prejudice. Once the plaintiff has exhausted his administrative remedies regarding these claims, he may re-file his complaint.

Although Knight includes a few Emergency Grievance forms with his complaint, it does not appear that Knight exhausted his administrative remedies as to any of his claims. Knight also includes a letter to the Regional Director, which was returned for failure to follow the grievance procedure. It is not possible for Knight to have exhausted his administrative remedies in the week between when he claims the first event happened, and when he signed his complaint.

Therefore, the court must dismiss Knight's petition, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

Knight may refile this complaint after he exhausts his administrative remedies. The court notes that should Knight wish to refile his complaint, he should name individuals as defendants, rather than the prison. In addition, if Knight wishes to proceed in forma pauperis in the future, he should include a copy of his inmate account statements for the prior six months, certified by the appropriate prison official.

ENTER: This 20th day of June, 2005.

/s/ Jack Conrad
UNITED STATES DISTRICT JUDGE